UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH WIMBERLY, andCase No.:
SHALLAN WIMBERLY,
Judge:
Plaintiffs,

v.

ANN ARBOR POLICE SERGEANT D. REID,
ANN ARBOR POLICE OFFICER JAMES BURTON,
ANN ARBOR POLICE OFFICERS JOHN DOE
AND JOHN DOE 2, and the CITY OF ANN ARBOR,

Defendants.
_____/
THOMAS H. RANDOLPH, III (P53563)
RANDOLPH LAW GROUP, P.C.
Attorney for Plaintiffs
6330 East Jefferson Avenue
Detroit, MI 48207
(248) 851-1222 / (248) 254-6534 Fax
thomas@randolphlawgroup.com
_____/

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

NOW COMES Plaintiffs SARAH WIMBERLY and SHALLAN WIMBERLY by their attorney, RANDOLPH LAW GROUP, P.C., by THOMAS RANDOLPH, III, complaint against the above-named Defendants, and in support state as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Plaintiffs Shallan Wimberly and Sarah Wimberly, citizens and residents of the City of Ann Arbor, Michigan, against Defendants Ann Arbor Police Chief Michael Cox, Ann Arbor Police Sergeant D. Reid, Ann Arbor Police Officer James Burton and Ann Arbor Police Officers John Doe and John Doe 2 for damages arising out of conduct which began on Saturday November 29, 2020 when the Defendant officers illegally entered plaintiffs' home without lawful authority or consent, and in the process harmed the Plaintiffs.

2. Plaintiffs also bring this action for money damages against Defendant City of Ann Arbor itself. Plaintiffs contend that Ann Arbor, through its police department, has established a practice, policy, or custom of inadequately supervising or training its officers in general, and these officers in particular, in the limits that the Constitution requires in protecting each citizen's right to be free from entry into his or her home when officers lack a search warrant, arrest warrant, consent, or other legal justification.

3. Plaintiffs submit that Ann Arbor's failure to train its officers in the safe, proper, and appropriate manner of entering a citizen's home without a warrant, permission, or other legal cause, caused Plaintiffs' injuries, and the need for training was so obvious that failure to do so is properly characterized as a deliberate indifference to Plaintiffs' constitutional rights.

4. Plaintiffs seek a judgment that the Defendants violated their right to be free from an unreasonable entry into their home, and deprive them of their right to privacy and liberty.

## JURISDICTION AND VENUE

5. This action arises under 42 U. S. C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U. S. 658 (1978). This Court has jurisdiction pursuant to 28 U. S. C. §§ 1331 and 1343. The Court has supplemental jurisdiction of Plaintiffs' state law claims.

6. Venue is properly laid in this Court pursuant to 28 USC §1391(b) as all parties reside in and the claims arose in the Eastern District of Michigan.

## PLAINTIFFS AND DEFENDANTS

7. That at all times relevant to this complaint, the Plaintiffs were and are residents of the City of Ann Arbor, Washtenaw County, Michigan.

8. That at all times relevant to this complaint, Defendants Ann Arbor Police Chief Michael Cox, Ann Arbor Police Sergeant D. Reid, Ann Arbor Police Officer James Burton and Ann Arbor Police

Officers John Doe and John Doe 2 were each acting under color of law and within the scope of their employment.

9. That the Defendant officers are being sued in their individual capacities.

10. That at all times relevant to this complaint, Defendant City of Ann Arbor is and was an organized municipal corporation existing under the laws of the State of Michigan.

11. That the incident complained of in this lawsuit began on November 29,2020.

## FACTS

12. On November 29, 2020 Plaintiffs, both Black women, were asleep in their home at 2422 Laurelwood Circle in Ann Arbor when they were awakened by a frightening crash at their front door.

13. Defendant police officers confronted the Plaintiffs, who cowered in their night clothes as intruding officers pointed weapons and lights at them.

14. That it is clearly settled law that before a police officer can enter a citizen's home to arrest another, he would first need a warrant, or consent, or other exigent circumstance to justify it.

15. That a reasonably competent police officer would have known that the fourth amendment to the United States Constitution prohibits the police from making a warrantless and non-consensual entry into a home without justification.

16. Each Defendant officer had both the opportunity and the means to prevent the other officers from entering Plaintiffs' home illegally.

17. Notwithstanding, each Defendant officer failed to intervene on Plaintiffs' behalf, and attempt to prevent the other officers from improperly entering Plaintiffs' home. As such, each officer is responsible for the illegal conduct of the others.

## COUNT I - §1983 – DEFENDANT OFFICERS

18. Plaintiffs incorporate by reference previous paragraphs as if fully set forth herein.

19. As a result of their unlawful, malicious, reckless, and indifferent conduct, the Defendant officers acted in concert, under color of law but contrary to law, and did deprive Plaintiffs of their rights, privileges, or immunities secured under the constitution and laws of the United States and 42 USC §1983, including:

   (a) As to both Plaintiffs, their right to be free from an unreasonable entry of their home, as guaranteed by Amendments IV and XIV of the United States Constitution, by entering their home without an arrest or search warrant, consent, or other exigency in order to conduct an investigation or an arrest;

   (b) As to both Plaintiffs, their right to be free from an unreasonable seizure of their person, as guaranteed by Amendments IV and XIV of the United States Constitution, by subjecting each of them to emotional injury during the unlawful entry of their home through the use of gratuitous, unnecessary, and excessive force;

THEREFORE, Plaintiffs demand judgment against each Defendant officer for compensatory damages, jointly and severally, in whatever amount the jury may determine, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 USC §1988. Additionally, Plaintiffs demand judgment against each Defendant officer individually for punitive damages in whatever amount the jury may determine, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 USC §1988.

## COUNT II - §1983 – MUNICIPAL LIABILITY

24. Plaintiffs incorporate by reference previous paragraphs as if fully set forth herein.

25. Defendant City of Ann Arbor, through its police department in general, and these Defendant officers in particular, have established a practice, policy, or custom which directly and proximately caused the injuries and harm suffered by Plaintiffs, as stated more fully throughout this complaint by:

    a. training, instructing, encouraging, or expecting its officers to enforce laws in any way they may deem fit, without regard to the constitutional rights of citizens in general or these Plaintiffs in particular to be free from an illegal entry of their home, or to be free from arbitrary and discriminatory enforcement of the law; and

    b. deliberately failing to adequately supervise, train, or discipline its officers in general or these Defendant officers in particular when it becomes known or apparent that its officers have violated the fourth amendment rights of its citizens, in the manner complained of in this lawsuit; and

    c. failing to properly train its officers in the limitations of their conduct in making warrantless entries into a citizen's home, as required by the Constitution and laws of the United States.

26. As a result of the above-described practice, policy, or custom, officers of the City of Ann Arbor, including these Defendant officers, believed that their actions would not be properly monitored by supervisors and misconduct would not be adequately investigated or sanctioned, but would instead be tolerated.

27. That the City of Ann Arbor's practice, policy, or custom, as set forth more fully above, was the moving force that did deprive Plaintiffs of their rights, privileges, or immunities secured under the Constitution and laws of the United States, and 42 USC §1983, including their right to be free from an unreasonable search or entry of their home or seizure of their person, as guaranteed by Amendments IV and XIV of the United States Constitution.

**COUNT III - ASSAULT (state law)**

28. Plaintiffs incorporate by reference previous paragraphs as if fully set forth herein.

29. They assert this claim against all Defendant officers known and unknown who entered Plaintiffs' apartment.

30. The actions of the Defendant officers set forth above, including pointing guns at close range at the Plaintiffs, created reasonable apprehensions in Plaintiffs of immediate harmful contact to Plaintiffs' persons.

31. The officers intended to bring about apprehensions of immediate harmful contact in Plaintiffs or knew that their actions would bring about such apprehensions.

32. In the alternative, the conduct of Defendants was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

33. The conduct of Defendants in entering and pointing guns at the residents is generally associated with a risk of serious injuries. Numerous prior injuries have occurred to civilians in this context. Officers failed to take reasonable precautions after having knowledge of impending danger to Plaintiffs.

34. The officers' actions were the direct and proximate cause of Plaintiffs' apprehensions.

35. Plaintiffs have been seriously harmed by officers' actions.

## COUNT IV – INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiffs incorporate by reference previous paragraphs as if fully set forth herein.

37. They assert this claim against all Defendant officers known and unknown who entered Plaintiffs' home.

38. The actions, omissions and conduct of Defendant officers set forth above including but not limited to pointing guns at Plaintiffs were extreme and outrageous and exceeded all bounds of human decency.

39. Officers' actions, omissions and conduct above were undertaken with the intent to inflict and cause severe emotional distress to Plaintiffs, with the knowledge of the high probability that their

conduct would cause such distress or in reckless disregard of the probability that their actions would cause such distress.

40. Officers, who occupied positions of special trust and authority, knew, had reason to know or believed that Plaintiffs' family, which included an elderly person, were especially vulnerable and fragile.

41. As a direct and proximate result of officers' extreme and outrageous conduct, Plaintiffs suffered and continue to suffer long-term, severe emotional distress and trauma.

42. In the alternative, the conduct of Defendants was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

43. The conduct of Defendants in entering and executing a residential search warrant and pointing guns at residents are generally associated with a risk of serious injuries. Numerous prior injuries have occurred to civilians in this context. Officers failed to take reasonable precautions after having knowledge of impending danger to Plaintiffs.

44. Officers' conduct was a proximate cause of Plaintiffs' injuries and their extreme, severe, long-term emotional distress and trauma.

**COUNT V -TRESPASS (state law)**

45. Plaintiffs incorporate by reference previous paragraphs as if fully set forth herein.

46. They assert this claim against all Defendant officers known and unknown who entered Plaintiffs' home.

47. Defendant officers physically invaded Plaintiffs' right to and enjoyment of exclusive possession of their residence.

48. In the alternative, the conduct of Defendants was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

49. The conduct of Defendants in aggressively entering is generally associated with a risk of serious injuries. Numerous prior injuries have occurred to civilians in this context.

50. Officers' actions caused a physical invasion of Plaintiffs' residence.

51. Plaintiffs were harmed by officers' physical invasion of their residence.

**COUNT VI -RESPONDEAT SUPERIOR (state law against Ann Arbor)**

52. Plaintiffs incorporate by reference previous paragraphs as if fully set forth herein.

53. In committing the acts and omissions alleged above, Defendant officers were at all times members and agents of AAPD and the City of Ann Arbor and were acting within the scope of their employment.

54. Defendant Ann Arbor is, therefore, liable as principal for all common law torts committed by its agents within the scope of their employment.

THEREFORE, Plaintiffs demand judgment against Defendant City of Ann Arbor for compensatory damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees pursuant to 42 USC §1988.

Respectfully submitted,

RANDOLPH LAW GROUP, P.C.

/s/ Thomas H. Randolph, III
THOMAS H. RANDOLPH, III (P53563)
RANDOLPH LAW GROUP, P.C.
Attorney for Plaintiffs
6330 East Jefferson
Detroit, MI 48207
(248) 851-1222; (248) 254-6534 Fax

Dated: December 21, 2020        thomas@randolphlawgroup.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH WIMBERLY, and  			Case No.:
SHALLAN WIMBERLY,

		 					Judge:

	Plaintiffs,

v.

ANN ARBOR POLICE SERGEANT D. REID,
ANN ARBOR POLICE OFFICER JAMES BURTON,
ANN ARBOR POLICE OFFICERS JOHN DOE
AND JOHN DOE 2, and the CITY OF ANN ARBOR,

	Defendants.
_____/
THOMAS H. RANDOLPH, III (P53563)
RANDOLPH LAW GROUP, P.C.
Attorney for Plaintiffs
6330 East Jefferson Avenue
Detroit, MI 48207
(248) 851-1222 / (248) 254-6534 Fax
thomas@randolphlawgroup.com
_____/

**PLAINITFFS DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiffs, **SARAH WIMBELY and SHALLAN WIMBERLY**, by and through their attorney, **RANDOLPH LAW GROUP, P.C.,** by **THOMAS H. RANDOLPH, III**, and hereby demands trial by jury in the above entitled cause of action.

Respectfully submitted,

RANDOLPH LAW GROUP, P.C.

/s/ Thomas H. Randolph, III
THOMAS H. RANDOLPH, III (P53563)
RANDOLPH LAW GROUP, P.C.
Attorney for Plaintiff
6330 East Jefferson
Detroit, MI 48207
(248) 851-1222; (248) 254-6534 Fax

Dated:  December 21, 2020			thomas@randolphlawgroup.com